**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**JOSE ROMO,**

   *Plaintiff,*

**v.**                                                        **Case No.  SA-24-CV-01390-JKP**

**HOME DEPOT USA, INC.,**

   *Defendant.*

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Home Depot USA, Inc.'s Motion for Partial Summary Judgment. *ECF No. 15*. Plaintiff Jose Romo did not respond. Upon consideration, the Motion is **GRANTED**.

## Factual Background

This action arises from an undisputed incident that occurred at a Home Depot store. In his Original Petition filed in state court, Romo alleges he suffered injuries as a result of a Home Depot employee's negligence. Romo alleges a cashier scanned materials in his shopping cart he intended to purchase. The cashier placed a framing stud in an upright position and leaning on the counter of the register. Romo alleges the weight of the framing stud caused it to fall away from the counter while the employee continued scanning his other materials. The framing stud hit Romo's head, breaking his glasses and causing other injuries. *ECF No. 1-2*.

Romo brought this action asserting a cause of action for negligence. *Id. at pp. 5-7*. Home Depot filed this Motion for Partial Summary Judgment on a premises liability cause of action and on an assertion of gross negligence. ECF No. 15.

**Legal Standard**

Summary judgment is appropriate if the record shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Rodriguez v. Pacificare, Inc.*, 980 F.2d 1014, 1019 (5th Cir. 1993).[1] "A fact is material only if its resolution would affect the outcome of the action." *Wiley v. State Farm Fire & Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009). A genuine dispute for trial exists if the record taken as a whole could lead a reasonable trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010). Because there must be a genuine dispute of material fact, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 247-48 (1986).

The moving party bears the initial burden of informing the court of the basis for the motion and of identifying those portions of the record which demonstrate the absence of a genuine dispute of material fact or the appropriateness of judgment as a matter of law." *Celotex Corp.*, 477 U.S. at 323; *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 163 (5th Cir. 2006). The movant is not required to negate the elements of the nonmovant's case but may satisfy its summary judgment burden by demonstrating the absence of facts supporting specific elements of the nonmovant's cause(s) of action. *Little v. Liquid Air Corp.*, 37 F. 3d 1069, 1075, 1076 n. 16 (5th Cir. 1994).

---

[1] Although 2010 amendments replaced "issue" with "dispute," the summary judgment standard "remains unchanged." Fed. R. Civ. P. 56 advisory committee notes (2010 amend.).

To satisfy this burden, the moving party must provide affidavits or identify any portion of the pleadings, discovery or admissions that demonstrate the absence of a triable dispute of material fact. *Celotex Corp.*, 477 U.S. at 323; *Rodriguez*, 980 F.2d at 1019. "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014).

A court may not grant summary judgment by default should the nonmovant fail to respond or responds untimely. *Bradley v. Chevron U.S.A., Inc.,* No. Civ.A. 204CV092J, 2004 WL 2847463, *1 (N.D.Tex. Dec. 10, 2004) (*citing Eversley v. MBank of Dallas,* 843 F.2d 172, 174 (5th Cir. 1988); *Hibernia Nat'l Bank v. Admin. Cent. Sociedad Anonima,* 776 F.2d 1277, 1279 (5th Cir. 1985)). In this event, the Court must, first, review the summary judgment motion to determine whether the movant satisfied its summary judgment burden and thereby shifted the burden. *See Austin v. Kroger Texas, L.P.*, 864 F. 3d 326, 335 (5th Cir. 2017). If the movant carries its initial burden, the burden shifts to the nonmovant to present competent summary judgment evidence showing the existence of a genuine dispute of material fact. *Matsushita*, 475 U.S. at 586-87; *see also* Fed. R. Civ. P. 56(c).

In determining the merits of a motion for summary judgment, a court has no duty to search the record for material fact issues or to find a party's ill-cited evidence. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012); *Ragas*, 136 F.3d at 458. In addition, a court may not make credibility determinations or weigh the evidence and must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005)(citations omitted).

**Discussion**

Review of the Original Petition reveals Romo asserts a cause of action for negligence, only. *ECF No. 1-2, pp. 5-7*. Romo does not assert a cause of action for premises liability, nor does he contend or allege any facts to support a finding that Home Depot's employee committed gross negligence. *See id*.

Romo does not respond to the Motion for Partial Summary Judgment.

For these reasons, to the extent it might be implied or presumed Romo asserts a premises-liability cause of action or intends to assert the facts alleged support a finding of gross negligence, the Court finds Home Depot satisfied its summary judgment burden, and its Motion for Partial Summary Judgment is **GRANTED**. *ECF No. 15*.

It is so ORDERED.
SIGNED this 1st day of May, 2026.

JASON  PULLIAM
UNITED STATES DISTRICT JUDGE